UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shannon Loray Lewis, #245552, | ) | |
| a/k/a Shannon Lowery Lewis, | ) | |
| | ) | Civil Action No.  8:12-3257-MGL |
| Petitioner, | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| James Dorriety, Director, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Shannon Loray Lewis ("Petitioner"), a state pre-trial detainee proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241.  (ECF No.1.)  Plaintiff is currently housed at the Greenville County Detention Center ("GCDC") in Greenville, South Carolina.  The Petition seeking habeas relief indicates that Petitioner invoked his right to a fast and speedy trial at his bond arraignment on November 8, 2011.  (ECF No. 1 at 8.)  Petitioner alleges that he requested that his public defender file a motion for a speedy trial on his behalf but claims that the attorney waited nearly eleven months to file the motion.  (ECF No. 1 at 8.)  Petitioner also claims that he provided the public defender with witnesses, evidence, and an alibi, but that the public defender has not helped to establish Petitioner's innocence and has prejudiced Petitioner by failing to interview witnesses, or subpoena material evidence.  (ECF No. 1 at 8.)  Further, Petitioner states that the GCDC does not have a law library and that he has made requests for information and forms for his lawsuit and claims that his requests have been denied, resulting in censorship.  (ECF No. 1 at 9.)  Petitioner asks for a declaration that his Sixth and Fourteenth Amendment Rights were violated, seeks freedom from GCDC and dismissal on all charges, and further states that his First Amendment Rights were violated by the GCDC policy.  (ECF No. 1 at 9-10.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was

referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.  On January 3, 2013, the Magistrate Judge filed a Report and Recommendation in which she determined that the Petition should be dismissed without prejudice and without requiring the respondent to file an answer.  (ECF No. 10 at 5.)  Petitioner filed objections to the Report and Recommendation.  (ECF No. 19.)  This Court has conducted a *de novo* review of the Record and has considered Petitioner's objections.  Having done so, this court agrees with the recommendation of the Magistrate Judge.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

## DISCUSSION

The Report and Recommendation sets forth the relevant facts and standards of law on this matter and the Court incorporates such without recitation.  Of course, the Court must liberally construe Petitioner's *pro se* Petition to allow for the development of a potentially meritorious case.  *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).  The Magistrate Judge reasoned that a state pre-trial detainee, such as Petitioner, must exhaust his available state remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241(c)(3).  (ECF No. 10 at 3-4.)  Accordingly, the Magistrate Judge recommended that the Petition be dismissed without prejudice.  (ECF No. 10 at 5.)  Petitioner filed objections to the Report and Recommendation raising fifteen objections.  Twelve of the fifteen

2

objections concern Petitioner's general dissatisfaction with the manner in which matters are being resolved and handled in the state court. (ECF No. 19 at 4.) As the Magistrate Judge correctly noted, absent extraordinary circumstances, federal courts should abstain from deciding constitutional challenges to state action, no matter how meritorious the claims are, if the federal claims have been or could have been presented in an ongoing state judicial proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989). Petitioner's claims fall within this category and Petitioner has not alleged such extraordinary circumstances. Further, although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary under § 2241. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975). Thus, these objections are without merit and are overruled.

Petitioner has made three additional objections concerning his right to access to the court and legal materials. (ECF No. 19 at 5-6.) Although Petitioner filed this action on a § 2241 form promulgated by this district court for use by state and federal prisoners and seeks freedom from custody, he also appears to raise other civil rights claims concerning the alleged deprivation of constitutional rights under federal law, particularly those concerning the right to access to the courts. These claims are not cognizable in this § 2241 proceeding. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)(distinguishing between a 42 U.S.C. § 1983 action and a habeas action where "a state prisoner challenges 'the fact or duration of his confinement' and seeks either 'immediate release' from prison or the 'shortening' of his term of confinement.")(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482 (1973)); *Lee v. Winston*, 717 F.2d 888, 892 (4th Cir. 1983)(recognizing the difference between a habeas action and (its goal to secure absolute release from custody) and a § 1983 action providing an exclusive means for those seeking to enjoin persons acting under color of state law

3

from depriving citizens of a constitutional right). Thus, Petitioner's claims concerning conditions at GCDC are subject to dismissal for failure to state a cognizable § 2241 claim and without prejudice to Petitioner's right to file a 42 U.S.C. § 1983 action relating to these civil rights claims.

## CONCLUSION

The Court has carefully reviewed the record, the Report and Recommendation, and Petitioner's objections and concurs in the recommendation of the Magistrate Judge. The Court adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this Order. Petitioner's Petition for a Writ of Habeas Corpus is dismissed without prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

/**s**/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
June 18, 2013

4